UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JAMES REEVES ET AL** | **CASE NO. 2:22-CV-03253** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SOUTHERN FIDELITY INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Intervene [doc. 11] filed with consent by Louisiana Insurance Guaranty Association ("LIGA") in this first-party insurance suit arising from Hurricane Laura. LIGA seeks leave to intervene due to the bankruptcy proceedings of defendant Southern Fidelity Insurance Company. The court previously granted the motion but then ordered supplemental briefing on LIGA's effect on diversity jurisdiction. Docs. 13, 15. In response LIGA contends that its joinder does not destroy the court's subject matter jurisdiction and that it is a necessary party to the litigation. Doc. 17.

The court disagrees, as set forth in *McDaniel v. Weston Specialty Insurance Co.*, 2023 WL 424880 (W.D. La. Jan. 26, 2023), and *Schubiger v. FedNat Insurance Co.*, 2023 WL 2603752 (W.D. La. Mar. 22, 2023). Under Federal Rule of Civil Procedure 24(a)(2), the court must permit intervention by anyone who, by timely motion, seeks to intervene in an action and "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately

represent that interest." Failure to satisfy any one element of this rule precludes the applicant's right to intervene. *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).

LIGA claims it is an intervenor of right in this matter because a Florida court declared defendant insolvent. Doc. 17; doc. 17, att. 1. In analyzing this claim, the court determines whether LIGA has a "direct, substantial, and legally protectable" interest in the transaction that is the subject of this litigation. *Ross*, 426 F.3d at 757 (brackets removed).

"A key component of the intervention analysis is whether the intervenor has a sufficient 'interest' in the litigation." *Ouch v. Sharpless*, 237 F.R.D. 163, 165 (E.D. Tex. 2006) (finding that proposed intervenor did not have sufficient interest for purposes of intervention where his sole interest was in plaintiff's eventual damages recovery and not a substantive interest). Determining the nature of the interest required for an intervention of right involves a flexible inquiry "which focuses on the particular facts and circumstances surrounding each application," and intervention of right "must be measured by a practical rather than technical yardstick." *United States v. Perry County Bd. of Ed.*, 567 F.2d 277, 279 (5th Cir. 1978) (quoting *United States v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 841 (5th Cir. 1975)).

LIGA claims its interest in the litigation arises from Louisiana Revised Statutes 22:2058(B)(3), which allows LIGA to sue or be sued and includes a "right to intervene as a party." However, this Louisiana statute grants a right to intervene in Louisiana state courts, not federal courts.

LIGA also asserts that its interest arises from § 2058(A). Under this provision, LIGA has "all rights, duties, and obligations of the insolvent insurer as if the insurer had not

become insolvent" to the extent of LIGA's obligations on the "covered claims." La. R.S. 22:2058(A)(2). The cited statute creates an obligation for LIGA but does nothing to explain what interest LIGA would have in this litigation, one in contract by insureds against their insurer. LIGA has no interest in this litigation to protect.[1]

Accordingly, there is no basis for permitting LIGA's intervention and the court hereby **ORDERS** that the preceding Order [doc. 13] granting LIGA's Motion to Intervene [doc. 11] be **RESCINDED** and the Motion to Intervene [doc. 11] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 13th day of April, 2023.

*[signature]*
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Should plaintiffs wish to proceed against LIGA in this forum, they might consider filing a Motion to Substitute LIGA for Southern Fidelity as its statutory successor in interest to the obligations of the insolvent insurer. *See Hale v. America's Ins. Co.*, 21-cv-2902 (W.D. La. Jan. 25, 2023) (Memorandum Order on motion to substitute). "Subject matter jurisdiction, once it validly exists among the original parties, remains intact after substitution." *Ransom v. Brennan*, 437 F.2d 513, 516 (5th Cir. 1971) (collecting cases). By contrast, in cases in which plaintiffs have sought to amend their complaints to state claims against LIGA as an additional defendant, the court has found that such an amendment would destroy diversity. *See, e.g., Prudhomme et al v. Southern Fidelity Insurance Co.,* 2:22-cv-02067, Doc. 8, p. 3 (W.D. La. Feb. 1, 2023) (Memorandum Order on motion to amend complaint) (citing *B.A. Kelly Land Co. LLC v. Aethon Energy Operating LLC*, No. 5:18-CV-01243, 2019 WL 13115363, at *2 (W.D. La. Dec. 20, 2019), *aff'd*, 25 F.4th 369 (5th Cir. 2022); *Landry v. Circle K Stores, Inc.*, No. CV 16-15705, 2017 WL 3065105, at *1 (E.D. La. July 19, 2017) ("All parties agree that LIGA is a Louisiana citizen and that joining LIGA as a defendant would destroy the Court's diversity jurisdiction.")).